UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK LORENZ JR., | No. 2:23-cv-1969 AC P |
| Plaintiff, | |
| v. | ORDER |
| DAVIS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.  Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. 28 U.S.C. § 1915(b)(2). These payments will be forwarded by the appropriate agency to the Clerk of

the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. Id.

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller,

2

Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.   Complaint

The complaint alleges that defendants Davis, Galbraithe, Tran, Laughlin, Covello, and Ullery violated plaintiff's rights under the Eight Amendment. ECF No. 1.

Plaintiff alleges an officer at his former facility broke his arm, resulting in a trip to the hospital where an x-ray was performed and "revealed a 'mid shaft ulnar facture.'" Id. at 4. At the hospital, plaintiff was "given a splint and a sling and sent on his way." Id. Approximately ten days later, plaintiff was transferred to Mule Creek State Prison (MCSP). Id.

Shortly after arriving at MCSP, plaintiff told Davis, a doctor, that he had fractured his arm and asked Davis to look at his x-ray on the computer to confirm the fracture and to place a cast on his arm. Id. Davis was dismissive and told him there was no way he had a broken arm based on the manner in which he was moving it and that he would see a specialist soon who would determine if a cast was necessary. Id. Four weeks later, plaintiff saw a specialist who determined that a cast was warranted, put a cast on his arm and told the plaintiff that the cast should have been placed the night of the incident. The specialist said that due to the long delay in getting a cast, plaintiff's arm would likely not heal properly and he might require surgery. Id. at 5. Plaintiff ended up needing and having surgery on his arm as a result of the delay in getting a cast. Id.

////

Plaintiff also alleges that, prior to seeing the specialist, he repeatedly asked Galbraithe and Tran, psychiatric technicians he saw daily, to notify medical staff that he was in "agonizing pain" because his broken arm had not been properly treated. Id. at 9-10. He made similar requests to Laughlin, his building officer. Id. at 12. All three ignored his requests and were dismissive of his requests, telling him to "quit crying" and that his arm was not broken. Id. at 9-10, 12. At the time, a limited program was in effect and plaintiff could not contact medical himself; he needed someone else to do it for him so that he could be seen. Id. at 12.

Plaintiff alleges further that Covello, the warden at MCSP, "fostered an attitude of deliberate indifference towards inmates needs at MCSP." Id. at 6. Similarly, plaintiff alleges that Ullery, the chief physician and surgeon at MCSP, "is ultimately responsible for the actions and inactions of his subordinates" and that Ullery "turned a blind eye to the inadequate medical care that his subordinates were providing to inmates at MCSP." Id. at 8.

IV.  Eighth Amendment

To state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299 (1991). In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court established a very strict standard which a plaintiff must meet to establish "deliberate indifference." Negligence and even recklessness are insufficient. Farmer, 511 U.S. at 835, 836-37. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842. A prison official acts with deliberate indifference only if he subjectively knows of and disregards an excessive risk to inmate health and safety. Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

V.  Claims for Which a Response Will Be Required

According to the complaint, plaintiff had to rely on someone else to call medical for him so that he could be seen and plaintiff repeatedly told Galbraithe, Tran, and Laughlin that he was

4

in agonizing pain and asked them to contact medical for him so that someone could examine his arm. Galbraithe, Tran, and Laughlin ignored his requests and did not contact medical on his behalf. As a result, plaintiff was not seen until four weeks later, at an appointment with a specialist that was scheduled when he saw Davis. Plaintiff has therefore sufficiently alleged that Galbraithe, Tran, and Laughlin were deliberately indifferent to his serious medical needs. See Sandoval v. Cnty. Of San Diego, 985 F.3d 657, 679 (9th Cir. 2021) ("Our cases make clear that prison officials violate the Constitution when they 'deny, delay or intentionally interfere' with needed medical treatment." (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006))).

If plaintiff choses to proceed on the original complaint as screened, Galbraithe, Tran, and Laughlin will be required to respond.

VI. Failure to State a Claim

A. Davis

Plaintiff fails to state a claim of deliberate indifference against Davis. There are no factual allegations showing that Davis knew plaintiff's arm was fractured and ignored that fact. To the contrary, plaintiff's allegations indicate that Davis made an independent determination that plaintiff's arm was not broken because of the way he was moving his arm and advised that, regardless, plaintiff would soon be seeing a specialist. Even if Davis was wrong or unreasonable in making this determination, he therefore lacked the culpable state of mind necessary for deliberate indifference. See Toguchi, 391 F.3d at 1057. No allegations suggest Davis later became aware and chose to ignore his need for medical treatment or interfered with or delayed plaintiff's appointment with the specialist. The fact that Davis made this determination without first looking at the prior x-rays does not establish deliberate indifference. See Keller v. Faecher, 44 F. App'x 828, 831 (9th Cir. 2002) (failing to review prior x-ray report or request current x-rays is "a matter of medical judgment" that does not constitute cruel and unusual punishment). At most, the allegations against Davis demonstrate negligence in diagnosing him or a difference of opinion regarding the appropriate course of treatment, which are insufficient to state a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106; Wilhelm, 680 F.3d at 1123 (9th Cir. 2012) (doctor's decision not to operate because he incorrectly believed plaintiff did not have a

hernia was negligent misdiagnosis or disagreement with diagnosing doctor and did not constitute deliberate indifference).

### B. Covello and Ullery

Plaintiff fails to allege Eighth Amendment violations by Covello and Ullery. "Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). Because plaintiff makes only conclusory allegations that defendants Covello and Ullery violated his rights, he failed to state a claim for relief against them. There are no facts to support that Covello or Ullery knew about plaintiff's broken arm and the need for a cast and chose to ignore plaintiff's medical needs.

Moreover, it appears that Covello and Ullery were named solely based on their positions as warden and chief physician and surgeon, which are insufficient to state a claim for relief. "There is no respondeat superior liability under [§] 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). "A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. Id. (citation omitted). As noted above, plaintiff fails to allege any facts that Covello or Ullery knew of the violations and failed to act to prevent them. Similarly, plaintiff fails to allege any facts that either Covello or Ullery directed any of the other defendants, or anyone else, to ignore his medical needs. There are also no facts to support plaintiff's conclusory assertions that Covello fostered an attitude of deliberate indifference towards inmates needs at MCSP, or that had there been a better system in place he would have received appropriate medical care sooner.

### VII.   Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable claims defendants Davis, Covell and Ullery. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if

6

he desires.  Plaintiff may proceed forthwith to serve defendants Galbraithe, Tran, and Laughlin on his claim that they acted with deliberate indifference when they denied and/or delayed his access to medical care or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint.  If plaintiff elects to proceed on his claims against defendants Galbraithe, Tran, and Laughlin without amending the complaint, the court will proceed to serve the complaint.  A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of claims of deliberate indifference against Davis, Covell and Ullery.

Plaintiff is also informed that the court cannot refer to a prior pleading to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, generally, an amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint, any previous complaints no longer serve any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VIII.   Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted.  That means you do not have to pay the entire filing fee now.  You will pay it over time, out of your trust account.

Some of the allegations in the complaint state claims against the defendants and some do not.  At this point, you have stated claims of deliberate indifference against Galbraithe, Tran, and Laughlin, but have not stated claims of deliberate indifference against Davis, Covell and Ullery.  To state a claim of deliberate indifference against Davis you need to allege facts showing that Davis knew your arm was broken or that you were suffering from some other serious medical

issue and chose to ignore it. To state claims of deliberate indifference against Covell and Ullery you need to allege facts showing that they were personally involved in denying or delaying your treatment, they directed others to deny or delay your treatment, or they were aware that you were being denied medical care and did nothing to fix the problem.

You have a choice to make. You may *either* (1) proceed immediately on your deliberate indifference claims against Galbraithe, Tran, and Laughlin and voluntarily dismiss the other claims *or* (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing *without prejudice* your claims for deliberate indifference against Davis, Covell and Ullery. If you choose to file an amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court within fourteen days. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's claims against defendants Davis, Covell and Ullery do not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his deliberate indifference claims against defendants Galbraithe, Tran, and Laughlin as set forth in Section V above, or to amend the complaint.

////

5.  Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the deliberate indifference claims against Davis, Covell and Ullery.

DATED: September 16, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK LORENZ JR., | No. 2:23-cv-1969 AC (P) |
| Plaintiff, | |
| v. | <u>NOTICE OF ELECTION</u> |
| DAVIS, ET AL., | |
| Defendants. | |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his deliberate indifference claims against defendants Galbraithe, Tran, and Laughlin without amending the complaint.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his deliberate indifference claims against Davis, Covell and Ullery pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

_____
Patrick Lorenz Jr.
Plaintiff pro se

1