1
2
3
4
5
6
7
8                            UNITED STATES DISTRICT COURT
9                       FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11    PATRICK LORENZ JR.,                        No.  2:23-cv-1969 DJC AC P
12                    Plaintiff,
13          v.                                    ORDER
14    DAVIS, et al.,
15                    Defendants.
16
17          Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983
18    without a lawyer.
19    I.      Background
20          Upon screening the original complaint, the court found that plaintiff had stated Eighth
21    Amendment deliberate indifference claims against defendants Galbraithe, Tran, and Laughlin, but
22    had not stated claims against defendants Davis, Covell, and Ullery.  ECF No. 7 at 4-6.  The court
23    gave plaintiff the option to proceed immediately on his claims against defendants Galbraithe,
24    Tran, and Laughlin, and voluntarily dismiss his claims against defendants Davis, Covell, and
25    Ullergy, or to amend the complaint.  Id. at 6-8.  Plaintiff was given fourteen days to file a notice
26    of election informing the court how he would like to proceed.  Id. at 9-10.
27          The court screening order informed plaintiff that if he chose to file an amended complaint,
28    the amended complaint, like the original complaint, needed to sufficiently state "each claim and

                                              1

the involvement of each defendant" and that the court could not refer to a prior pleading to make his amended complaint complete. Id. at 7.  The court also informed plaintiff that if he did not return the form, the court would assume that he was choosing to proceed on the cognizable claims and would recommend dismissing the deliberate indifference claims against Davis, Covell, and Ullery.  ECF No. 7 at 9.

Plaintiff did not return the notice of election form within the time provided and service of the complaint was ordered on defendants Galbraithe, Laughlin, and Tran. ECF No. 11.  The court also issued Findings and Recommendations on October 22, 2024, to dismiss defendants Davis, Covell, and Ullery.  ECF No. 10.

Plaintiff was given twenty-one days to file objections to the findings and recommendations.  Plaintiff did not file objections.  Instead, he filed a late notice of election indicating he wanted to amend the complaint.  ECF No. 15.  Shortly thereafter, the court received defendants' Galbraithe's, Tran's, and Laughlin's notice of intent to waive service and waiver of service.  ECF Nos. 16-17.

Because it appeared that the lateness of plaintiff's notice of election was due to a transfer in custody, the court vacated the findings and recommendations and granted plaintiff thirty days to file an amended complaint as outlined in the September 18, 2024, screening order.  ECF Nos. 18, 21.  Given that an amendment was forthcoming, the court also vacated the deadline for defendants Galbraith, Laughlin, and Tran to file an answer to the complaint, and noted that it would reset the deadline to file an answer if plaintiff failed to file an amended complaint.  ECF No. 18 at 2.

Before the deadline to file an amended complaint expired, plaintiff filed a first amended complaint ("FAC").

II.    Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on

2

an indisputably meritless legal theory or factual contentions that are baseless.  Id., 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation omitted).  When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.     Factual Allegations of the First Amended Complaint

Plaintiff's FAC seeks relief against one defendant—Davis—for deliberate indifference to his medical needs.  ECF No. 19.  Plaintiff alleges that Davis saw him for a broken arm that had occurred at a previous prison.  Id. at 3.  Plaintiff informed Davis that his dominant arm was broken and requested pain medication and a cast.  Id.  Davis refused both, stating that if plaintiff's arm was indeed broken, he would not be able to move it in the manner in which he was moving it.  Id.  Davis also noted that plaintiff would be seeing a specialist.  Id.  Plaintiff was not seen by a specialist for forty-five days.  Id.  During this time, plaintiff's arm was not placed in a cast, and he was not given pain medication.  Id.

The specialist informed plaintiff that because of the forty-five-day delay in being treated, his arm had healed incorrectly, and he needed surgery.  Id.  Plaintiff asserts that as a result he is

3

1     no longer able to use his dominant arm and is in constant pain.  Id.

2         IV.    Failure to State a Claim

3         Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the

4 complaint does not state a valid claim for relief pursuant to the Eighth Amendment against Davis

5 for medical deliberate indifference.  The FAC does not allege facts showing that Davis knew

6 plaintiff's arm was broken and ignored it.  To the contrary, plaintiff's allegations indicate that

7 Davis made an independent determination that plaintiff's arm was not broken because of the way

8 he was moving his arm, did not prescribe pain medication based on this assessment, and advised

9 plaintiff that, regardless, he would soon be seeing a specialist.  ECF No. 19 at 3.  No allegations

10 suggest Davis later, during the forty-five day period in which plaintiff did not receive treatment,

11 became aware of and chose to ignore plaintiff's need for medical treatment or interfered with or

12 delayed plaintiff's appointment with the specialist.  As with the original complaint, the allegations

13 of the FAC demonstrate nothing more than arguable negligence in diagnosing plaintiff or a

14 difference of opinion regarding the appropriate course of treatment.  This is insufficient to state a

15 claim under the Eighth Amendment.  Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (a

16 difference of opinion between an inmate and prison medical personnel—or between medical

17 professionals—regarding the appropriate course of treatment does not by itself amount to

18 deliberate indifference to serious medical needs); Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th

19 Cir. 2012) (doctor's decision not to operate because he incorrectly believed plaintiff did not have

20 a hernia was negligent diagnosis or disagreement with diagnosing doctor and did not constitute

21 deliberate indifference).  Because of these defects, the court will not order the complaint to be

22 served on defendants.

23         V.    Leave to Amend

24         Leave to amend should be granted if it appears possible that the defects in the complaint

25 could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31

26 (9th Cir. 2000) (en banc).  However, if, after careful consideration, it is clear that a complaint

27 cannot be cured by amendment, the court may dismiss without leave to amend.  Cato v. United

28 States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

1    For the reasons set forth above, the court finds that the complaint does not state a

2    cognizable claim against defendant Davis.  Plaintiff has already been given an opportunity to

3    amend the complaint and advised what kind of information he needed to provide to state a claim

4    against Davis.  However, the allegations against Davis in the FAC are no more detailed than those

5    in the original complaint.  Given the lack of additional facts provided by plaintiff, it does not

6    appear that further amendment to his claim against Davis would result in additional cognizable

7    claims.

8    Nonetheless, the court will grant plaintiff leave to amend his complaint because it appears

9    the procedural history in this case may have caused some confusion with respect to what, if

10    anything, plaintiff needed to allege in the FAC with respect to defendants who had already been

11    served.  Plaintiff is informed that although defendants Galbraithe, Tran, and Laughlin were served

12    with the original complaint, that complaint ceased to serve any function in the case as soon  as

13    once plaintiff filed the FAC.  See E.D. Cal. Local Rule 220 (requiring that an amendment be

14    complete in itself without reference to any prior pleading); Loux v. Rhay, 375 F.2d 55, 57 (9th

15    Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012)

16    (generally, an amended complaint supersedes any prior complaint).  An amended complaint must

17    contain all claims against all intended defendants, both claims previously found sufficient and

18    newly added or amended claims.  Accordingly, to proceed against defendants Galbraithe, Tran,

19    and Laughlin, plaintiff must re-allege the facts and claims against those defendants.  To the extent

20    it was not plaintiff's intention to abandon his claims against defendants Galbraithe, Tran, and

21    Laughlin, he will be given leave to fix this defect by filing a second amended complaint ("SAC").

22    VI.    Plain Language Summary of this Order for Party Proceeding Without a Lawyer

23    Your FAC will not be served because the facts alleged are not enough to state a claim

24    against defendant Davis or any other defendant.  You are being given a chance to fix problems in

25    your FAC by filing an SAC.  If you file an SAC, pay particular attention to the legal standards

26    attached to this order.  Be sure to provide facts that show exactly what each defendant did to

27    violate your rights.  **All claims you wish to pursue against any defendant must be included in**

28    **the SAC.  Any claims against any defendants and any information not contained in the**

1    **second amended complaint will not be considered.**

2       VII.    <u>Conclusion</u>

3          In accordance with the above, IT IS HEREBY ORDERED that:

4          1.  Plaintiff's first amended complaint (ECF No. 19) fails to state a claim upon which

5    relief may be granted, <u>see</u> 28 U.S.C. § 1915A, and will not be served.

6          2.  Within thirty (30) days from the date of service of this order, plaintiff may file a

7    second amended complaint that complies with the requirements of the Civil Rights Act, the

8    Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

9    bear the docket number assigned this case and must be labeled "Second Amended Complaint."

10         3.  Failure to file a second amended complaint in accordance with this order will result in

11   a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of

12   Civil Procedure.

13         4.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

14   form used in this district.

15   DATED: July 14, 2025

16

17                                           ALLISON CLAIRE
                                             UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28

                                             6

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief.  Pay particular attention to these standards if you choose to file an amended complaint.

I.       Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must specifically identify how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  See Local Rule 220.  This is because, as a general rule, an amended complaint replaces the prior complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012).  Therefore, in an amended complaint, every claim and every defendant must be included.

II.      Legal Standards Governing Substantive Claims for Relief

A.  Eighth Amendment – Medical Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

1    A plaintiff can establish deliberate indifference "by showing (a) a purposeful act or failure

2    to respond to a prisoner's pain or possible medical need and (b) harm caused by the

3    indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference "may appear

4    when prison officials deny, delay or intentionally interfere with medical treatment, or it may be

5    shown by the way in which prison physicians provide medical care." Hutchinson v. United

6    States, 838 F.2d 390, 394 (9th Cir. 1988) (citation omitted).

7    To state a claim for deliberate indifference based on a delay in receiving treatment, the

8    delay must have been harmful.  See Shapley v. Nev. Bd. of State Prison Comm'rs., 766 F.2d 404,

9    407 (9th Cir. 1985) (delay of surgery did not constitute deliberate indifference unless delay was

10    harmful).  A showing of merely negligent medical care is not enough to establish a constitutional

11    violation.  Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-

12    106.

13    A difference of opinion between an inmate and prison medical personnel—or between

14    medical professionals—regarding the appropriate course of treatment does not by itself amount to

15    deliberate indifference to serious medical needs.  Toguchi v. Chung, 391 F.3d 1051, 1058 (9th

16    Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  A difference of opinion rises to

17    the level of deliberate indifference when "the chosen course of treatment 'was medically

18    unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive

19    risk to [the prisoner's] health.'" Toguchi, 391 F.3d at 1058 (alteration in original) (quoting

20    Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)).

21

22

23

24

25

26

27

28

2